IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BYRON BRECKENRIDGE,

                Plaintiff,

vs.                                       Case No. 10-1327-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                Defendant.


MEMORANDUM AND ORDER


On August 30, 2011, judgment was entered by this court reversing the decision of the Commissioner, and remanding the case for further hearing (Doc. 17). On November 29, 2011, plaintiff filed an application for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (Doc. 18). Defendant filed a response on December 8, 2011, requesting that the application for fees be denied because it was not timely filed (Doc. 19). Plaintiff filed a reply brief on December 9, 2011 (Doc. 20).

The EAJA provides that prevailing parties may recover attorney fees and costs from the government under certain circumstances. 28 U.S.C. § 2412(d)(1)(A). A party seeking fees under the EAJA is required to file an application within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B);

1

Commissioner, INS v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed.2d 134 (1990).

As noted above, this court issued its judgment on August 30, 2011 (Doc. 17).  A party seeking fees under the EAJA is required to file an application within thirty days of final judgment in the action.  The district court's August 30, 2011 judgment became final for EAJA purposes when that judgment was no longer appealable by the Commissioner.  Townsend v. Social Security Administration, 486 F.3d 127, 131 (6th Cir. 2007).  Federal Rule of Appellate Procedure 4(a) establishes that, in a civil case in which a federal officer is a party, the time for appeal ends sixty days after entry of judgment.  Therefore, the 60th day, for the Commissioner to have filed an appeal in this case would have been on October 29, 2011 (Aug. 31 would be the 1st day for computation purposes, Fed.R.App.P. 26(a)(1)(A), plus 30 days in September and 29 days in October).  However, because October 29, 2011 fell on a Saturday, the Commissioner would have had until October 31, 2011 to file an appeal.  Fed.R.App.P. 26(a)(1)(C). No such appeal was filed in this case.  The district court's August 30, 2011 judgment therefore became unappealable and hence final within the meaning of the EAJA, on November 1, 2011 (which would be the 61st day after entry of judgment[1]).  In order for

---

[1] See Townsend v. Social Security Administration, 486 F.3d at 131 & n.3.

2

plaintiff's EAJA application to have been timely, it would need to be filed by December 1, 2011, or thirty days after the district court's judgment became final and unappealable (November 1, 2011).  Under Fed.R.Civ.P. 6(a)(1)(A), which provides the method for computing the time specified in a statute that does not specify a method of computing time, one excludes the day of the event that triggers the period.  Thus, November 1, 2011, the day the judgment became unappealable and hence final within the meaning of the EAJA, is not counted because it is the day of the event that triggered the period.  November 2, 2011 is the 1st day that would count, which would mean that the 30th day would be December 1, 2011.  Therefore, the court finds that plaintiff's motion, filed on November 29, 2011, is timely filed.  For this reason, the court does not need to address the issue of equitable tolling.

Defendant, in their response to plaintiff's application for fees under the EAJA, only addressed the issue of whether plaintiff's motion was timely filed (Doc. 19).  Defendant did not address the merits of the amount of fees requested.  Therefore, the court will allow defendant additional time to respond to the merits of plaintiff's EAJA application.

IT IS THEREFORE ORDERED that defendant's motion to dismiss plaintiff's EAJA application for fees as untimely is denied.

IT IS FURTHER ORDERED that defendant shall have until

3

February 22, 2012 to file a response addressing the merits of plaintiff's application for EAJA fees.

Dated this 7th day of February 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge